673 A.2d 893

COMMONWEALTH of Pennsylvania, Appellee,

v.

Sandra SMITH, Appellant.

Supreme Court of Pennsylvania.

Argued April 25, 1995.

Decided March 29, 1996.

Charles P. Mirarchi, III, Sandra Smith, Isla A. Fruchter, Philadelphia, for appellant.

William J. Honig, Pa. Assoc. of Criminal Defense Lawyers, Norristown, amicus curiae for appellant.

Catherine Marshall, Anthony V. Pomerantz, Philadelphia, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

*OPINION OF THE COURT*

FLAHERTY, Justice.[1]

Appellant, Sandra Smith, appeals from a memorandum decision of the Superior Court which vacated a judgment of sentence entered by the Court of Common Pleas of Philadelphia County and remanded for resentencing. Because the Superior Court erred in its application of our holding in *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977), we reverse.

In a non-jury trial, appellant was convicted of murder of the third degree and possession of an instrument of crime. At sentencing, the trial court, applying the sentencing guidelines, calculated the mitigated range to be four to six years of imprisonment. The court decided, however, to depart from the guidelines. It sentenced appellant to just two to four years of imprisonment to be followed by ten years of probation. The court explained to appellant the reasons for departing from the sentencing guidelines:

I feel strongly that certain factors accrue to your benefit. First, of course, you have no prior record. Second, you're the only person outside of an elderly aunt who can care for your children.

---

1. This case was reassigned to this writer.

I do think that you show remorse, that's third. Fourth, I think the victim by his history, by the testimony, had been an abusive husband over the period of time. I think that probably one of the things that may have contributed to your situation is a limited education and background and limited ability to remove yourself from the situation.

I don't think that a lengthy incarceration will serve any useful purpose, which is not to say that I don't think incarceration will not [sic] serve any useful purpose.

I do think that the psychiatric report that was done shows that you really have no major problems at all or for that matter any minor problems it seems, and I think that is good. I think you have been able to handle things pretty well with the fact being that you do feel the depression and the guilt as to what you have done, and I think that the report speaks well of you considering everything.

The presentence report ... also speaks well in that you were willing to discuss this offense with the presentence people. You didn't attempt to shield yourself from any discussion of the facts.

I think that their study of you shows ... that you presently have a home environment for your children ... which is good. . . .

... [You] attempted to get a GED. . . .

I think that, in fact, the report is correct when it says that you deny the use of drugs or alcohol. . . .

I think that the fact that you do enjoy the companionship of your children as your principal leisure interests, speaks well of you and I would hope that they as well as you attend church on a regular basis as you indicate that you do.

The Commonwealth took an appeal to the Superior Court pursuant to 42 Pa.C.S. § 9781(b).[2] The Superior Court re-

---

**2.** This section provides:

**(b) Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that

viewed the factors which the trial court provided to justify its departure from the guidelines, and, in conducting that review, interpreted our decision in *Bethea* as meaning that "if any one of these factors is impermissible, [appellant's] sentence is invalid." The Superior Court concluded that the first factor listed by the trial court was impermissible because that same factor, the lack of a prior record, was also factored into the prior record score during calculation of the applicable sentencing guidelines. Hence, believing that *Bethea* required the judgment of sentence to be vacated, the Superior Court remanded for resentencing.

Preliminarily, the Commonwealth's contends that 42 Pa.C.S. § 9781(f) precludes us from exercising jurisdiction over this appeal. That section provides:

(f) **Limitation on additional appellate review.**—No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.

Because appellant argues that the Superior Court erred in vacating her sentence without making a determination that the sentence was unreasonable, the Commonwealth responds that if we were to consider the reasonableness of the sentence we would necessarily be engaging in a review of the discretionary aspects of the sentence—a review precluded by Section 9781(f).

■ It is clear that Section 9781(f) precludes us from reviewing the discretionary aspects of a sentence. *Commonwealth v. Rosario*, 535 Pa. 282, 635 A.2d 109 (1993). Herein, however, we have been asked to review whether the Superior Court correctly interpreted and applied our holding in *Bethea*, supra. Nothing in Section 9781(f) precludes review of the application of legal principles.

■ The standard of review in sentencing matters is well settled. Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a

there is a substantial question that the sentence imposed is not appropriate under this chapter.

manifest abuse of discretion. *Commonwealth v. Plank,* 498 Pa. 144, 145, 445 A.2d 491, 492 (1982). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Lane,* 492 Pa. 544, 549, 424 A.2d 1325, 1328 (1981).

Our legislature has provided standards for appellate review of sentences in 42 Pa.C.S. § 9781. This section provides, in pertinent part, that an appellate court shall vacate a sentence and remand to the sentencing court if "the sentencing court sentenced outside the sentencing guidelines and the sentence is *unreasonable.*" 42 Pa.C.S. § 9781(c)(3) (emphasis added). It further provides that "[i]n all other cases the appellate court shall affirm the sentence imposed by the sentencing court." 42 Pa.C.S. § 9781(c). The statute provides further direction by listing factors that should be weighed when reviewing a sentence, including:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

■ Thus, under our precedents as well as under Section 9781, an appellate court must review the sentencing decision of the trial court under a deferential standard of review and remand for a new sentence only where the trial court's departure from the sentencing guidelines was unreasonable. In the present case, the trial court gave a comprehensive explanation for departing from the minimum sentencing guidelines. Principal among the reasons were (1) that appellant did not have a prior record; (2) that appellant was the only person who could care for her young children; (3) that appellant showed remorse; (4) that appellant's husband, the victim, had

been an abusive husband over a period of time and appellant's limited education kept her from removing herself from the situation; (5) that a favorable psychiatric report showed appellant to be in sound mental health and feeling guilty over what she had done; (6) that a favorable pre-sentencing report showed that appellant had created a good home environment for her children and had a desire to improve her education; and (7) that appellant had an absence of drug or alcohol abuse. Based on these considerations, the trial court concluded that it would deviate from the sentencing guidelines, stating that it was "the fair thing to do."

■ It is true, as asserted by the Commonwealth, that the sentencing decision of the trial court was imperfect. The court listed appellant's lack of a criminal history as a reason for departing from the sentencing guidelines; however, credit for a lack of criminal history had already been given in calculating appellant's prior record score under the guidelines. We agree with the Superior Court that the trial court erred in the sentencing process by giving appellant double credit for the absence of a criminal record. See *Commonwealth v. Septak*, 359 Pa.Super. 375, 383, 518 A.2d 1284, 1288 (1986) (absence of criminal record not a proper reason to deviate from sentencing guidelines, since the guidelines already give credit for a clean record).

The Superior Court quoted from *Bethea*, 474 Pa. at 579–80, 379 A.2d at 106–07:

[T]he correct inquiry in a case such as this is not whether the trial court considered legitimate factors in fixing sentence, but whether it considered only such factors. This is so because any increase in sentence which results from a defendant's decision to put the state to its proof puts a price upon the exercise of a fundamental constitutional right, and hence is unjustified. Thus, a sentence based in part on an impermissible consideration is not made proper simply because the sentencing judge considers other permissible factors as well.

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

Based upon this language, the Superior Court concluded that because the trial court improperly considered a mitigating factor, reversal of the judgment of sentence was required.

Appellant argues that the Superior Court misapprehended our holding in *Bethea*. Specifically, it is alleged that *Bethea* was meant to protect the exercise of fundamental constitutional rights, and that, in this case, the Superior Court applied *Bethea* even though no constitutional rights were involved. Appellant further asserts that the Superior Court failed to consider the other factors upon which the trial court relied in determining an appropriate sentence.

The Commonwealth argues, in response, that if a sentence improperly deviates from the established guidelines, the sentence must be vacated. Moreover, the Commonwealth contends that when a sentence is based, even if only in part on an improper factor, it is invalid, and therefore necessarily unreasonable.

In *Bethea*, the trial court decided to impose a harsher sentence because the defendant exercised his constitutional right to a trial rather than enter a plea of guilt. We granted allowance of appeal to consider whether a trial court could properly consider a defendant's decision to stand trial as a factor justifying the imposition of a more severe sentence than what would have been imposed had the defendant plead guilty. We held that the trial court erred in considering the defendant's decision to exercise his right to a trial, and noted that imposition of the harsher sentence amounted to a penalty for

the exercise of a constitutional right. *Bethea,* 474 Pa. at 576–77, 379 A.2d at 104–05.

In *Bethea* we also reviewed whether the factors considered by the trial court, other than defendant's decision to exercise his constitutional right to a trial, were sufficient to sustain the sentence. We noted the Superior Court's conclusion that because the trial court indicated that the sentence was based on the facts that the crime was violent and that the defendant showed no remorse, proper consideration had been given to relevant, permissible factors, and, thus, the sentence was appropriate. *Id.* at 579, 379 A.2d at 106. However, we held that consideration of a defendant's decision to exercise his right to a trial was sufficient to warrant a new sentencing hearing because where an increase in sentence results from a decision to put the state to its proof, a price is attached to the exercise of a fundamental constitutional right.

The application of our decision in *Bethea* is limited to the narrow category of cases in which a trial court impermissibly penalizes a defendant for exercising constitutional rights. *Bethea* does not affect every case in which an impermissible sentencing factor is considered. Indeed, such an expansive interpretation of *Bethea* would directly undermine Section 9781(c)(3) of the sentencing code which requires an appellate court to affirm a sentence which falls outside of the sentencing guidelines unless the sentence is "unreasonable." Accordingly, since the impermissible factor relied on in this case does not implicate constitutional rights, we believe that the improper consideration of appellant's lack of a prior record was more than offset by the wealth of other factors relied on by the trial court.

Hence, the order of the Superior Court is reversed and the judgment of sentence is reinstated.

MONTEMURO, J., who was sitting by designation, did not participate in the decision of this case.

NIX, C.J., files a concurring and dissenting opinion which is joined by CASTILLE, J.

 

NIX, Chief Justice, concurring and dissenting.

I agree with the majority's treatment of the jurisdictional issue presented by this case; however, because I believe that this Court's decision in *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977), is not limited to constitutional errors, I must dissent.

The majority concedes that the trial court erred in giving Appellant credit for the absence of a criminal record twice in the sentencing procedure. Op. at 571–72. Notwithstanding that fact, the majority holds that the Commonwealth is not entitled to relief because "[t]he application of our decision in *Bethea* is limited to the narrow category of cases in which a trial court impermissibly penalizes a defendant for exercising constitutional rights." Op. at 574.

Although the impermissible factor considered in *Bethea* was constitutional in nature, *i.e.,* the defendant's exercise of his right to trial, I do not perceive a need to limit the remedy of vacating a sentence only to those wrongs that implicate a constitutional question. Accordingly, I believe that *Bethea* stands for the proposition that both a defendant and the citizens of this Commonwealth share an equal right to demand that a trial judge properly follow the sentencing guidelines when imposing sentence and consider only those aggravating and/or mitigating factors that are permissible pursuant to the sentencing guidelines. "[I]t is essential to the sentencing process, not only that the sentence imposed be just, but that it be perceived as just, by the victim, the offender, and the community generally." *Commonwealth v. Puchalski,* 310 Pa.Super. 199, 207, 456 A.2d 569, 573 (1983). When a trial judge fails to properly follow the guidelines, an appellate court is mandated to point out this error, vacate the sentence and remand the case back to the sentencing judge for sentencing consistent with the guidelines.

The constraints imposed on an appellate court in reviewing a sentence are laid out in 42 Pa.C.S. § 9781(c):

**(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or.

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

The controlling portion of the statute for the case at bar is section 9781(c)(3) because the trial court departed from the guidelines. Appellant maintains that even if *Bethea* applies to a sentence, the Superior Court is still required to make a separate finding of unreasonableness under section 9781(c)(3), which provides that the Superior Court shall vacate and remand a sentence if it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). However, since "a sentence based in part on an impermissible consideration is not made proper simply because the sentencing judge considers other permissible factors as well" a separate finding of unreasonableness is unnecessary. *See Bethea*, 474 Pa. at 580, 379 A.2d at 106.

Moreover, by vacating a sentence when a judge has relied on an impermissible factor in sentencing, we reaffirm our long-standing principle that the trial court is in the best position to fashion the most appropriate sentence:

Traditionally, it has been recognized that the trial court is granted broad discretion in the determination of sentence. Deference is accorded to the trial court's pronouncement because of the perception that the trial court is in the best position to determine the proper penalty for a particular

offense based upon an evaluation of the individual circumstances before it. Even with the promulgation of the sentencing guidelines, which was intended to structure the exercise of the sentencing power, that power is, notwithstanding, a function to be performed by the trial court. *Where an appellate court determines that a sentence is illegal or otherwise improper, the proper remedy is to vacate the sentence and remand the matter to the trial court for sentencing in accordance with the ruling of the appellate court.*

*Commonwealth v. Ward,* 524 Pa. 48, 52, 568 A.2d 1242, 1243–44 (1990) (emphasis added) (citations omitted).

The majority's decision today embroils an appellate court in needless speculation. An appellate court will now have to forecast how the trial court would have acted had it realized that it deviated from the guidelines. In other words, by engaging in this type of review, an appellate court will be placed in the precarious situation of attempting to separate the improper factors from the proper ones in order to determine whether the sentence imposed by the trial court is now reasonable in light of the remaining permissible factors.

Moreover, this practice of an appellate court determining that the sentence is reasonable, notwithstanding the improper consideration, would be tantamount to an appellate court directing that a particular sentence be imposed because the appellate court will have had to independently weigh the remaining factors. That power, however, lies exclusively with the trial court. *See id.* at 52–53, 568 A.2d at 1244 (vacating Superior Court order that directed trial court to impose a term of imprisonment within a specified range). The best way to preserve the trial court's discretion in fashioning a sentence is to interpret *Bethea* to apply to all errors.

Accordingly, I believe that the better practice in cases in which a trial judge relied on impermissible factors in sentencing the defendant is to vacate the sentence and remand the matter back to the trial court for resentencing. As this Court stated in *Bethea,*

578

[i]n deciding whether a trial judge considered only permissible factors . . . , an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that a trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

474 Pa. at 580, 379 A.2d at 106–07.

For the reasons set forth above, I would affirm the Order of the Superior Court.

CASTILLE, J., joins this concurring/dissenting opinion.