J-S39007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY GENE FARNSWORTH | |
| Appellant | No. 1640 MDA 2015 |

Appeal from the Judgment of Sentence entered August 27, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No: CP-41-CR-0002019-2013

BEFORE:  STABILE, PLATT,[*] and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JULY 21, 2016**

Appellant, Jeffrey Gene Farnsworth, appeals from the judgment of sentence the Court of Common Pleas of Lycoming County entered August 27, 2015.  On appeal, Appellant challenges the discretionary aspects of his sentence.  Specifically, Appellant argues the trial court imposed an excessive sentence.  Upon review, we affirm.

The factual and procedural background of the instant matter were adequately summarized by the trial court in its Pa.R.A.P. 1925(a) opinion, which we incorporate here by reference.  Trial Court Opinion, 1/4/16, at 1-4.  Briefly, following the entry of a guilty plea on one count of theft by deception, on January 30, 2015, Appellant was sentenced to serve a split

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentence of 11½ months to 24 months less one day of incarceration, followed by a three-year term of probation. Appellant was made eligible for the county re-entry program, and ordered to pay restitution in the total amount of $14,049.00.

On June 8, 2015, Appellant was released from custody and placed into the county re-entry program. On August 27, 2015, Appellant appeared before the trial court following multiple parole and probation violations.[1] At hearing, Appellant did not contest the alleged violations, but raised mitigating circumstances surrounding the same.[2] Following hearing, the trial court found Appellant violated the terms of his probation, revoked it, and sentenced him to 18 to 36 months' incarceration in a state correctional institution. Appellant timely filed a motion for reconsideration, which the trial court denied. This appeal followed.

_____

[1] Appellant was charged with three violations: (i) failure to notify parole officer of arrest and/or investigations; (ii) failure to pay restitution, and (iii) failure to complete re-entry program.

[2] Regarding the first violation, Appellant acknowledged that he was stopped by the police, but no citation was issued; regarding the second violation, Appellant acknowledged that he failed to pay restitution, but he argued that he could not do so because he was sick and had been unable to reestablish an income upon release from custody; regarding the third violation, Appellant admitted to the violation, but did not advance any mitigating circumstance.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). As this Court explained in *Allen*,

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Assuming, without deciding, Appellant met the first three requirements, we must determine whether Appellant has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). "An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied,* 105 A.3d 736 (Pa. 2014) (internal citations and quotations omitted).

Here, Appellant's contention merely consists of a bald claim of excessiveness, articulating no argument or reasons how the sentence violated "specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Id.* As such, Appellant fails to raise a substantial question for our review. *See Commonwealth v. Bromley*, 862 A.2d 598 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence); *Commonwealth v. Trippett*, 932 A.2d 188 (Pa. Super. 2007) (bald allegation of excessiveness does not raise a substantial question).

Even if we were to consider the merits of the contention, we would nonetheless find it without merit. The trial court noted that Appellant did not pay one cent from the time he was released (June 8, 2015) to the time he returned to jail (August 18, 2015). "If [Appellant] truly had a willingness to pay restitution, he would have done something to evidence such. Instead, he completely ignored his responsibility to pay restitution." Trial Court Opinion, 1/4/16, at 5. Regarding the alleged sickness as an excuse to attend regularly the re-entry program, the trial court found Appellant not credible, as he failed to provide evidence to show that his alleged sickness accounted for all the check-ins missed. *Id.* In light of the foregoing, the sentencing court explained the state sentence was necessary because a county sentence had proved ineffective at rehabilitating Appellant. We find

no abuse of discretion by the trial court in fashioning Appellant's sentence or the reasons provided in support of the same.

We conclude, therefore, Appellant failed to raise a substantial question for our review. Even if we were to conclude Appellant raised a substantial question for our review, we would find the trial count did not abuse its sentencing discretion for the reasons the trial court stated in its Rule 1925(a) opinion. **See** Trial Court Opinion, 1/4/16, 4-6. Accordingly, we direct that a copy of the trial court's January 4, 2016 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2016

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH : No. CP-41-CR-2019-2013
:
vs. : CRIMINAL DIVISION
:
:
:
JEFFREY FARNSWORTH, :
Appellant : 1925(a) Opinion

### OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

This opinion is written in support of this court's judgment of sentence dated August 27, 2015. The relevant facts follow.

Appellant Jeffrey Farnsworth ("Farnsworth") was charged with theft by unlawful taking, theft by deception and receiving stolen property as a result of Farnsworth taking jewelry from Wendy Neufer's residence and selling some of it to Hooker's Coin and Precious Metals for $1674. On December 8, 2014, Farnsworth pled guilty to theft by deception, a misdemeanor of the first degree. The plea agreement provided for a three to six month max out sentence if Farnsworth paid $1674 in restitution by the time of sentencing or an open plea if he did not.

A sentencing hearing was held on January 30, 2015. Unfortunately, the condition for the negotiated plea agreement was not met. The court sentenced Farnsworth to a split sentence of 11 ½ months to 24 months less one day of incarceration followed by a three-year term of probation. The court gave Farnsworth credit for time served from October

1

SCANNED

22 through November 25, 2013 and made him eligible for the Lycoming County Re-Entry program. Farnsworth also was ordered to pay restitution in the amount of $12,375 to Wendy Neufer and $1674 to Hooker's Coin and Precious Metals. Farnsworth, however, disputed the amount of restitution, so a restitution hearing was scheduled for May 1, 2015.

On that date, upon stipulation of the parties, Farnsworth agreed to the restitution amounts set forth in the original sentencing order and he was made immediately work release/work crew eligible and immediately eligible for placement on the Lycoming County Re-entry Program. Farnsworth was released from custody and placed onto the Re-entry Program on June 8, 2015.

On August 27, 2015, Farnsworth appeared before the court for a probation and parole violation hearing because he missed check-in at the re-entry services facility on July 8th, 9th, 10th, 16th, 17th, and 20th, he missed several groups, and he failed to make any restitution payments.

Farnsworth did not contest that he was removed from the Re-entry Program; however, he claimed he was diagnosed with chronic obstructive pulmonary disorder (COPD) with chronic bronchitis and he had medical excuses for the days that he missed. He also claimed that he was on disability and just hadn't had enough time yet to pay restitution in addition to getting his own place to live.

When the court asked for the documentation, Farnsworth provided paperwork that addressed July 8th and 9th, but no documents were provided regarding his failure to check in on the 10th, 16th, 17th or 20th.

Farnsworth provided a doctor's note that indicated he had been seen on

2

August 5th and should be off of his feet for four days due to shortness of breath from bronchitis and pain from ulcers. The Chief of the Adult Probation Office then brought to the court's attention that Farnsworth was arrested for driving under suspension later in the day on August 5 when he was supposed to be on bed rest. Farnsworth did not know anything about being under suspension. He claimed, however, that he went out to get sandwiches and was stopped on his way home.

The court then inquired about Farnsworth's failure to make any payment towards restitution. Farnsworth did not deny that he did not make any payments. Instead, he claimed that he had only received two disability checks before he was picked up and that was not enough money for him to get a place to live, tithe to his church, and pay restitution. The court, however, confronted Farnsworth with statements he made during the restitution hearing and in a letter he wrote to the court in which he pleaded with the court to be released so that he could pay restitution to Ms. Neufer and he assured the court that he could make "aggressive" payments. In light of those statements and the fact that Farnsworth had not paid one cent towards restitution despite being released from incarceration for over two months, the court concluded that Farnsworth lied to the court and duped the court into releasing him from jail.

Based on the evidence presented at the hearing, the court found that Farnsworth violated the conditions of his probation. The court revoked probation and sentenced Farnsworth to 18 to 36 months' incarceration in a state correctional institution.

On September 3, 2015, Farnsworth filed a motion to reconsider the probation violation sentence, alleging that: the sentence was unduly harsh; a county sentence would be

3

more appropriate; he did not have the opportunity to make a restitution payment despite his willingness to do so; and the court did not fully consider his health conditions during the two months he was on the street which rendered him unable to report to the Re-entry Program. The court summarily denied this motion on September 10, 2015.

Farnsworth filed a timely notice of appeal. The sole issue raised in the appeal is that the trial court abused its discretion by imposing an unduly harsh and manifestly excessive sentence of 18-36 months at a state correctional facility, following a probation violation, without fully considering his medical conditions and financial means with respect to the violations alleged.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012)(quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)). "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.'" *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 961 (2007)(quoting *Commonwealth v. Smith*, 543 Pa 566, 673 A.2d 893, 895 (1996)).

Clearly, Farnsworth violated the conditions of his supervision. A special condition of his supervision as set forth in the original sentencing order was that Farnsworth pay restitution. On May 1, 2015, upon the stipulation of the parties, the court amended Farnsworth's original sentence so that he could be released from incarceration and begin paying restitution prior to serving his minimum sentence. The court made successful

4

completion of the Re-entry Program a condition of his supervision.

Farnsworth admitted that he was removed from the Re-entry Program; however, he claimed his missed check-ins and failure to pay restitution should be excused due to his medical conditions and lack of financial means. Farnsworth's excuses were not credible. Although he claimed to have medical excuses for his missed check-ins, the documentation only supported two of his six absences. Furthermore, Farnsworth repeatedly assured the court that he could make restitution payments both orally at the restitution hearing held on May 1 and in a letter he wrote to the court. Despite these promises and assurances, Farnsworth did not pay one cent towards restitution between the time he was released from jail on June 8, 2015 and August 18, 2015 when he was returned to jail on the probation and parole violation detainer.

The order entered on May 1, 2015 permitted "either the Commonwealth or the defendant to request an increase or decrease in the monthly amount depending on the circumstances." Farnsworth never submitted anything to the court to request a reduction in his monthly amount. He did, however, sign a document on July 7, 2015 (which became a court order), indicating that he had the ability to pay $20 per month and he would make the first such a payment within thirty (30) days. He also did not make even a minimal payment of $5 or $10 to show he was making any effort to pay restitution. If Farnsworth truly had a willingness to pay restitution, he would have done **something** to evidence such. Instead, he completely ignored his responsibility to pay restitution.

Farnsworth's original sentence was for 11 ½ months to 24 months less one day followed by three years of probation. The court did not require Farnsworth to serve his

5

entire minimum sentence, but rather released him to the Re-entry Program after six months to enable him to begin paying restitution and reintegrating into society. Instead of taking advantage of that opportunity, Farnsworth ignored his responsibilities and violated the conditions of his supervision. Since county incarceration and supervision were ineffective at rehabilitating Farnsworth, the court imposed an 18-36 month state sentence. This sentence was not a result of bias, partiality, prejudice or ill-will, but Farnsworth's own failures to make any effort to meet his obligations after repeatedly representing to the court that he was willing and able to make restitution payments.

DATE: ___1—4—16___

By The Court,

Marc F. Lovecchio, Judge

cc:   District Attorney
      Kirsten Gardner, Esquire (APD)
      Work file
      Gary Weber, Esquire (Lycoming Reporter)
      Superior Court (original & 1)

6