J-A22045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: CHANGE OF NAME OF: D.J.G.    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
   :
   :
APPEAL OF: A.D.    :    No. 271 MDA 2016

Appeal from the Order Entered January 13, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-15-02812

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:      **FILED SEPTEMBER 16, 2016**

Appellant, A.D. ("Mother"), appeals from the order entered in the Lancaster County Court of Common Pleas, which denied Mother's petition to change the surname of D.J.G. ("Child").  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add only that Mother timely filed a notice of appeal on February 12, 2016.  The trial court ordered Mother on February 17, 2016, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Mother timely complied on March 4, 2016.

Mother raises the following issues for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN FINDING A CHANGE IN THE CHILD'S NAME WAS NOT IN THE CHILD'S BEST INTEREST?
>
> DID THE TRIAL COURT ERR IN ENTERING AN ORDER DENYING MOTHER'S PETITION TO CHANGE THE NAME OF

THE MINOR WHERE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE DECISION, SPECIFICALLY WHERE TWO OF THE THREE CRITERIA FOR THE BEST INTEREST OF THE CHILD STANDARD WEIGHED HEAVILY IN FAVOR OF MOTHER AND WHERE THE THIRD CRITERIA WAS NOT CONSIDERED?

DID THE TRIAL COURT ERR IN NOT GIVING CONSIDERABLE WEIGHT TO THE FACT THAT FATHER'S OBJECTION WAS ALMOST ENTIRELY BASED IN CONTINUING THE TRADITION AND CUSTOM OF PATRILINEAL NAMING?

(Mother's Brief at 6).

Appellate review of an order denying a petition for a name change implicates the following principles:

Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion. An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result.

*T.W. v. D.A.*, 127 A.3d 826, 827 (Pa.Super. 2015) (internal citations omitted).

Pennsylvania's name change statute provides:

### § 702. Change by order of court

**(a) General rule.—** The court of common pleas of any county may by order change the name of any person resident in the county.

54 Pa.C.S.A. § 702(a). When the petition is filed on behalf of a minor child,

the court must determine if the change is in the best interests of the child, and the petitioner has the burden of proof. ***In re C.R.C.***, 819 A.2d 558 (Pa.Super. 2003). A petitioner's mere allegations that a name change will be in the child's best interests, without any supporting evidence, are not sufficient to meet the burden. ***Id.*** at 562.

> Specific guidelines are difficult to establish, for the circumstances in each case will be unique, as each child has individual physical, intellectual, moral, social and spiritual needs. However, general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name.

***In re Change of Name of Zachary Thomas Andrew Grimes to Zachary Thomas Andrew Grimes-Palaia***, 530 Pa. 388, 394, 609 A.2d 158, 161 (1992).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Howard F. Knisely, we conclude Mother's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the issues presented. (***See*** Trial Court Opinion, filed March 17, 2016, at 3-7) (finding: **(1)-(3)** Mother and Father were not married at time of Child's birth, and agreed to give Child Father's last name in anticipation of getting married; Mother and Father permanently separated thereafter, and Mother and Child currently live with Mother's family; Mother's testimony regarding why Child's name

should be changed to match her birth name centered around Mother's own desires, beliefs, and concerns, rather than consideration of Child's best interests; Mother offered no evidence to show Child has struggled to accept himself or feel secure in his home owing to his different last name; Child has not been subjected to harassment or embarrassment in community; Mother has not had any difficulty with Child's medical or dental appointments because of his last name; Mother failed to present any evidence to support her contention that her surname was afforded more respect in community than Father's surname; both Mother and Father have been active in Child's life; Child has strong, supportive, and loving relationship with each parent; change of Child's name would not enhance stability or bond in mother-son relationship; name change would unnecessarily deprive Child of another link to Father; Mother's entire family already accepts and loves Child; Mother indicated she would change her last name if she remarried, which would result in Mother and Child again having different last names; Father's desire to preserve his family name would be insufficient to support name change, but Father is not petitioner advocating for Child's name change; thus, Mother failed to meet her burden to show name change would be in Child's best interest).  The record supports the court's decision; therefore, we have no reason to disturb it.  Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL DIVISON

IN RE: CHANGE OF NAME OF : 
D. J. G. : No. CI-15-02812
:

**OPINION**

BY: KNISELY, J.                                                                                        March 17, 2016

A.D. ("Mother") has filed an appeal to the Superior Court of Pennsylvania from this Court's denial of her petition to change the name of her minor son by Opinion and Order of January 13, 2016. On appeal, Mother alleges that this Court, (1) abused its discretion in finding a name change was not in her child's best interest, (2) erred in entering an order denying her petition because the evidence was insufficient to support this Court's decision, and (3) erred in "not giving considerable weight to the fact that [ Father's ] objection [to changing his son's name] was almost entirely based in continuing the tradition and custom of patrilineal naming."[1] This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## BACKGROUND

D.J.G. ("child"), born November —, 2010, is the son of Petitioner, Mother and Father.[2] Neither party has any other children.[3] At the time of their son's birth, Mother and Father were in a relationship but not married.[4] However, the couple planned to marry in the future, so they agreed to give Child his father's last name.[5] Nonetheless, about 7 months after Child was born, Mother and Father broke off

---

[1] *See* Statement of Matters Complained of On Appeal Purusant to Pa.R.A.P. 1925, filed March 4, 2016.
[2] See Transcript of Proceedings, Request for Change of Name Hearing, December 14, 2015 (Knisely, J.) (hereinafter "N.T. at __") at 3-6
[3] N.T. at 5
[4] N.T. at 7.
[5] N.T. at 7.

⑬

their engagement and permanently separated.[6] _Mother_ currently lives in Elizabethtown, Pennsylvania with her son, her father, and her sister.[7] _Mother_ explained that her immediate family and close relatives all reside in that general area, and her family's name is well-regarded in the community.[8]

_Mother_ explained her son's last name should be changed because she believed that her son was "closer with [her] side of the family, who are [ _Mother's Surname_ than he is with [ _Father's_ side of the family."[9] She also felt the name change was necessary because it would be easier and less confusing for her son to grow up with the same last name as his mother.[10] However, _Mother_ indicated that she has not had any difficulty with her son's medical or dental appointments as a result of his last name.[11] She also stated that she would adopt her husband's last name but keep _Child_ 's the same if she were to marry in the future.[12]

_Father_ has consistently remained active in his son's life, and opposed the name change.[13] _Father_ who does not have any brothers and lost his father to cancer three years ago, testified that he wanted _Child_ to keep his last name to ensure the preservation of the _Father's_ family name.[14] _Child_ identifies _Father_ as his father, and _Child_ gets excited and joyful when spending time with him.[15] _Father_ calls his son regularly, visits his son for a few hours each week, financially supports _Child_ through the payment of child support, and

---

[6] N.T. at 7.
[7] N.T. at 6.
[8] N.T. at 12. The court notes that _Parents_ established an informal custody arrangement where _Child_ lives with his mother full-time, but _Father_ remains actively involved in his son's life.
[9] N.T. at 16.
[10] N.T. at 16.
[11] N.T. at 14, 23.
[12] N.T. at 12.
[13] N.T. at 7-8, 21.
[14] N.T. at 20-21.
[15] N.T. at 11, 14.

2

attends nearly all of Child's doctor's appointments.[16] He is also present for Child's birthday each year and makes arrangements to see his son during the holidays when possible.[17] Father also always visits his child at Mother's home as a convenience to her and Child.[18]; Father's mother, Mother's grandmother, and Mother's aunt are all also involved in Child's life.[19]

On March 31, 2015, Mother filed a petition seeking to change the name of her minor child from D.J.G. to D.J.D. A hearing was held on the matter on December 14, 2015. The Court heard testimony from only Mother and Father. Child, though present outside of the courtroom, was not aware that the change of name proceeding was occurring, and Mother indicated that she had never spoken to her son about his last name or the possibility of changing it.[20] Consequently, this Court declined to interview Child because it determined that the boy, at age 5 and unaware of the name change proceeding, was not of sufficient age to intelligently and rationally understand and discuss the significance of changing his name.[21] By Opinion and Order of Court dated January 13, 2016, this Court denied Mother's petition.[22] The instant appeal followed.

## DISCUSSION

Mother alleges three claims of trial court error. Because all three claims are related and involve the best interest of the child analysis, this Court will address them together. The decision to grant or deny a petition for change of name, regardless of the age of the petitioner, is within the discretion of the trial court, and such rulings will not form the basis for appellate relief

---

[16] N.T. at 7-9, 19.
[17] N.T. at 19.
[18] N.T. at 8, 22-23.
[19] N.T. at 6, 9.
[20] N.T. at 5, 11.
[21] N.T. at 18.
[22] Opinion and Order of Court (January 13, 2016) (Knisely, J.).

3

absent an abuse of discretion. *Grimes*, 609 A.2d at 159 n.1; *T.W. v. D.A.*, 127 A.3d 826, 827 (Pa.Super. 2015). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa. Super. 2002) (citing *Commonwealth v. Smith*, 543 Pa. 566, 571, 673 A.2d 893, 895 (1996)). Furthermore, an appellate court will not disturb a trial court's factual findings if those findings are supported by competent evidence, even if the appellate court may have made a different finding or reached a different result. *T.W.*, 127 A.3d at 827.

When dealing with the name change of a minor child, the key inquiry is whether the name change will be in the best interest of the child. *See In re Zachary Thomas Andrew Grimes*, 609 A.2d 158, 161 (Pa. 1992). The burden rests on the petitioner to establish that the name change is in the child's best interest. *Id.* Where a petition to change a child's name is contested, the court must carefully evaluate all of the relevant factual circumstances to determine if the petitioning parent has established that the change is in the best interest of the child. *In re C.R.C.*, 819 A.2d 558, 560 (Pa.Super. 2003)(citations omitted).

No specific guidelines have been established to evaluate what is in a child's best interest. *Grimes*, 609 A.2d at 161. That determination must be made by the trial court on a case-by-case basis. *Id.* However, "general considerations should include the natural bonds between parent and child, [and] the social stigma or respect afforded a particular name within the community ..." *Id.* Additional factors to be considered are the physical, mental, emotional, and spiritual needs of the child. *In re Davis*, 465 A.2d 614, 616 (Pa. 1983). When the child's desires are at issue based on discrepancies in each parent's testimony, the trial court should also interview the child to

ascertain the child's actual desires. *Grimes*, 609 A.2d at 162.[23] Moreover, in determining the child's best interest, the court must exercise its discretion in such a way "as to comport with good sense, common decency[,] and fairness to all." *Petition of Falucci*, 50 A.2d 200 (Pa. 1947).

Furthermore, the best interest standard is general neutral. *See Petition of Schidlmeier by Koslof*, 496 A.2d 1249, 1254 (Pa.Super. 1985)(held tradition and custom favoring paternal surnames does not constitute a valid reason for changing a child's name). Our Supreme Court has also noted that there is no longer any social stigma in having a surname that differs from either parent. *See Grimes*, 609 A.2d at 161 n.6. Moreover, mere allegations by a petitioner that a name change will be in his child's best interests, without any supporting evidence, is not sufficient to meet the required burden. *In re C.R.C.*, 819 A.2d at 562 (citation omitted). A petitioner also does not show a name change is his child's best interest by merely referencing his own desires, beliefs, and concerns. *T.W.*, 127 A.3d at 829

Here, this Court determined that M o**ther** did not meet her burden of showing that a name change was in her son's best interest. M o**ther** 's testimony predominately references her own desires, beliefs, and concerns, including her belief that her son may be confused if he has a different surname than her. While this Court does not doubt that **Mother**'s concerns are of great significance to her, she offered minimal support to demonstrate that the name change would be in her child's best interest. She failed to produce any evidence, beyond her own concerns, to demonstrate that her son, as a result of his last name, has struggled to accept himself or feel secure in his home. **Child** has not be subjected to harassment or embarrassment in the

---

[23] The Court again notes that it declined to hear testimony from **Child** because it determined that the he did not rationally understand the significance of changing his name based on his young age and because he was even not even aware of the name change proceeding. Moreover, the Court determined that interviewing **child** was inappropriate because unlike the testimony in *Grimes*, the testimony in this case did not contain any discrepancies as to **Child's** desires. In this case, it is his parent's desires that are both at issue and at odds.

5

community as a result of his last name. Moreover, the Court again notes that our Supreme Court has determined that there is longer a social stigma in having a surname that differs from either parent. Mother also has not had any difficulty with Child's medical or dental appointments because of his last name. Furthermore, although the Mother's name is known in the Elizabethtown area by virtue of several generations of them living in that area, Mother did not present any evidence that her surname was afforded respect in the community beyond that afforded to Child's current surname.

In reaching its decision to deny Mother's petition, this Court also considered the effect the proposed change would have on the preservation and development of Child's relationship with each parent. Mother and Father have each continuously remained active in Child's life, and the child has a strong, supportive, and loving relationship with both parents. A change of Child's name was neither necessary to grow the bond between Mother and her son, nor necessary to ensure stability in the mother-son relationship. Whether Child is a Father's Surname or a Mother's Surname will not affect his relationship with his mother or her family because the record clearly shows that Child is already accepted and loved by the entire Mother's family despite having a different last name.[24] However, to change Child's last name to Mother's surname when the record demonstrates that the change of name is neither essential to grow the bond between Mother and her son nor essential to protect the boy's physical, mental, nor emotional well-being, would unnecessarily deprive the boy of another link to his father.

---

[24] This Court's determination that Mother failed to adequately prove that a change of name is in her son's best interest is further supported by the fact that Mother indicated that she would change her last name if she were to marry. At that point, even if the petition were granted, Mother and her son would, again, no longer share a surname. No evidence of record suggests that Child has suffered any harm or that his mother's devotion to him will be negatively impacted as a result of having a different surname than his mother.

6

The Court acknowledges that Father's desire to preserve his family's surname would be insufficient to support a name change if he were the petitioner in this case. He, however, is not the parent petitioning this Court for a name change and, therefore, bears no burden. Mother, as the petitioner, carries the burden of proof. Based on the evidence presented to it, this Court determined that she did not meet her burden of showing that a name change was in her son's best interest. Therefore, Mother's petition was denied. This Court's determination was not an abuse of discretion.

Accordingly, this Court respectfully submits that the Order of Court dated January 13, 2016, should be affirmed and Petitioner's appeal dismissed.

BY THE COURT:

HOWARD F. KNISELY
JUDGE

Attest:

Deputy

Copies to:

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO: 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE: 3-21-16