J-S54014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASIA TYLER, | |
| Appellant | No. 1533 WDA 2015 |

Appeal from the Judgment of Sentence Entered April 6, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0007780-2014
CP-02-CR-0012569-2014

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 22, 2016**

Appellant, Asia Tyler, appeals from the judgment of sentence of 50 to 120 months' incarceration, imposed after a jury convicted him (in case 7780-2014) of robbery, 18 Pa.C.S. § 3701(a)(1)(i), and possessing an instrument of crime (PIC), 18 Pa.C.S. § 907(a).  Appellant also pled guilty (in case 12569-2014) to robbery, and for that offense he received a term of 36 months' probation, to run consecutively to the sentence imposed in case 7780-2014.  Herein, Appellant solely challenges the weight of the evidence to sustain his convictions of robbery and PIC in case 7780-2014.  After careful review, we affirm.

We have reviewed the certified record, the briefs of the parties, and the applicable law.  Additionally, we have reviewed the thorough and well-

crafted opinion of the Honorable Jill E. Rangos of the Court of Common Pleas of Allegheny County. We conclude that Judge Rangos' well-reasoned opinion demonstrates that she did not abuse her discretion in denying Appellant's request for a new trial based on his weight-of-the-evidence claim. *See* Trial Court Opinion (TCO), 2/17/16, at 4-6. Accordingly, we adopt Judge Rangos' opinion as our own regarding that issue, and affirm Appellant's judgment of sentence on that basis.[1]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016

_____

[1] In her opinion, Judge Rangos also addresses a sentencing claim raised by Appellant in his Pa.R.A.P. 1925(b) statement. *See* TCO at 6-7. Appellant has not asserted that sentencing issue herein; consequently, we do not adopt, or express any opinion on, Judge Rangos' analysis of that sentencing claim.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

ASIA SHAKEEM TYLER

Appeal of:

ASIA SHAKEEM TYLER,

Appellant.

CRIMINAL DIVISION

CC No. 201407780
CC No. 201412569

## OPINION

RANGOS, J.                                                      February 17, 2016

On April 2, 2015, Appellant, Asia Shakeem Tyler, was convicted by a jury of Robbery[1] and Possession of Instruments of Crime[2] at CC #2014407780. On April 6, 2015, this Court sentenced him to 50 to 120 months incarceration with 36 months probation. Also on April 6, 2015, Appellant pled guilty to one count of Robbery at CC #201412569. This Court sentenced Appellant to 36 months incarceration concurrent to the sentence imposed at CC #201407780. This Court denied Appellant's Motion for Post Sentence Relief on September 28, 2015. Appellant filed a Notice of Appeal on October 5, 2015 and a Statement of Errors Complained of on Appeal on October 28, 2015.

---

[1] 18 Pa.C.S. § 3701(a)(1)(i).
[2] 18 Pa.C.S. § 907(a).

2

## MATTERS COMPLAINED OF ON APPEAL

Appellant, in his Concise Statement, raises two issues on appeal. Appellant contends that the verdict at CC #201407780 was against the weight of the evidence, because the Commonwealth's evidence was of such poor character as to shock the conscience of the Court. (Concise Statement of Errors at 2) Additionally, Appellant contends that the Court abused its discretion in sentencing at CC #201412569, because it sentenced in the aggravated range of the Sentencing Guidelines without stating its reasons for departing from the standard range. *Id.* at 3.

## SUMMARY OF EVIDENCE

The testimony in this case is summarized as follows. Kymbat Kadirova testified that she was working at a sandwich shop in the Lawrenceville neighborhood of Pittsburgh on May 22, 2014. (Transcript of Jury Trial April 1-2, 2015, hereinafter TT 29-30) She heard someone enter the store at approximately 4:25 p.m. while she was washing dishes in the back. (TT 29-30) Kadirova returned to the front of the store and saw a masked man jump over the counter. (TT 33) She testified that he held a knife to her throat and demanded that she open the cash register. (TT 33) She opened the cash register and the man took approximately $191, including her "lucky dollar," which was underneath the cash register drawer. (TT 34, 55) Kadirova described the perpetrator as "very tall, like six-one, six-two, neither fat nor skinny, but had a 'normal' body." *Id.* He wore tan pants and a white tank top. *Id.* She observed a "dragon and a small circle" tattoo on his right arm, starting mid-forearm and ending below the elbow. (TT 41)

At trial, Kadirova reviewed the store's surveillance video which substantially corroborated her testimony. (TT 44-50) The video showed that the perpetrator jumped over the counter and held a knife to her throat. (TT 47) Additionally, the video showed an individual

3

wearing tan pants. (TT 50) Kadirova, however, testified when Appellant was brought to her for identification purposes, Appellant matched the individual who robbed her at knifepoint except for the fact that Appellant was wearing a different shirt. (TT 50)

Officer Daniel Stoddard of the City of Pittsburgh Police Department testified that he responded to the 911 call. (TT 57) Officer Stoddard asked Kadirova which way the perpetrator ran. (TT 64-65) The Officer testified that he followed Kadirova's directions, and encountered a "very tall black male wearing tan pants and a white and red striped polo shirt" six blocks from the crime scene. (TT 64-65) Officer Stoddard testified that the suspect, later identified as Appellant, fled from the Officer's patrol car toward a set of railroad tracks in an industrial area. (TT 65-66) Officer Stoddard pursued on foot and eventually apprehended Appellant. (TT 67-68) The Officer testified that, once apprehended, Appellant removed a knife from his pocket and surrendered it to the police. (TT 69) Officer Stoddard testified that approximately $340 dollars was recovered from Appellant's pants pocket. (TT 77-78)

## DISCUSSION

Appellant's first issue, that the verdict was against the weight of the evidence, is meritless. The standard for a "weight of the evidence" claim is as follows:

> Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and [her] decision will not be reversed on appeal unless there has been an abuse of discretion.... The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

*Com. v. Taylor,* 471 A.2d 1228, 1230 (Pa.Super. 1984). *See also, Com. v. Marks,* 704 A.2d 1095, 1098 (Pa.Super. 1997) (citing *Com. v. Simmons,* 662 A.2d 621, 630 (Pa. 1995)).

4

Kadirova testified that a suspect matching Appellant's description jumped over the counter, held a knife to her throat, demanded cash, and robbed the store. Kadirova's description of the perpetrator a year after the incident, his body structure, clothing, and tattoo, fits in large part the description of Appellant. Video surveillance from the store which was shown to the jury corroborates Kadirova's testimony and description of Appellant. Appellant was apprehended six blocks from the crime scene in possession of cash and a knife. The verdict is not so contrary to the evidence as to make the award of a new trial imperative.

Appellant argued that when he was arrested, he was wearing a different shirt than shown on video surveillance, he was not in possession of a dollar marked "good luck," and he was in possession of $340 when Kadirova testified only $191 was missing from the register. None of these apparent discrepancies, alone or taken together, make the verdict contrary to the weight of the evidence. Appellant clearly had time to change his shirt before the police encountered him. As seen in the store video, one of the pockets in the leg of Appellant's cargo pants bulged out noticeably. The jury may have accepted the argument of the Commonwealth that the bulge was likely caused by the polo shirt Appellant was wearing upon arrest. The white tank top seen in the video may have been chosen by Appellant because it was ubiquitous and essentially disposable. Although the testimony does not support a finding that Appellant was in possession of the "lucky dollar," neither does it rule out that possibility. This Court notes that the police did not know to look for this dollar when they sorted through the cash. (TT 85) It is possible that the police did not see the identifying mark, that the "lucky dollar" had no marking at all, or that Appellant disposed of the "lucky dollar." Finally, Appellant was found in possession of $340 while only $191 was reported missing from the cash register. Appellant could have come

into possession of the extra cash in any number of legitimate or illegitimate ways, and this so-called discrepancy is of no moment.

Appellant next alleges this Court erred in sentencing in the aggravated range without placing its reasons for doing so on the record. Before addressing any alleged sentencing error, Appellant must first establish that a substantial question exists that his sentence is inappropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa.Super. 1995). The determination of whether a particular issue constitutes a "substantial question" can only be evaluated on a case by case basis. *Commonwealth v. House*, 537 A.2d 361, 364 (Pa.Super. 1988). It is appropriate to allow an appeal "where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Losch*, 535 A.2d 115, 119-120 n. 7 (Pa.Super. 1987). Appellant has not raised a substantial question for appellate review because the Sentencing Court sentenced within the appropriate range considering Appellant used a deadly weapon in the commission of his crimes. The Pennsylvania Sentencing Guidelines require a sentencing court to use an enhanced sentencing matrix if the court finds that the offender possessed or used a deadly weapon. 204 Pa. Code § 303.9.

Assuming, *arguendo*, Appellant had raised a substantial question, he is still not entitled to relief. When imposing a sentence, this Court is required to consider, *inter alia*, the protection of the public, the gravity of the offense in relation to the impact on the victims and community, and the rehabilitative needs of the defendant. 42 Pa. C.S. §9721(b). The standard of review with respect to sentencing is whether the sentencing court abused its discretion. *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996). A court will not have abused its discretion unless "the

6

record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* It is not an abuse of discretion if the appellate court may have reached a different conclusion. *Grady v. Frito-Lay, Inc.*, 613 A.2d 1038, 1046 (Pa. 2003).

Appellant argues that this Court did not state its reasoning for sentencing in the aggravated sentencing range. This Court imposed a sentence in the enhanced range because Appellant used a deadly weapon in the commission of his crimes. Additionally, Appellant pled guilty to a separate incident of Robbery where he seriously beat a man operating an ATM machine. The two offenses establish a pattern of behavior that refutes Appellant's position that he had merely made "impulsive" decisions. In both offenses, Appellant displayed significant violence in the commission of a theft. The Court indicated its concern over the pattern of violent criminal behavior displayed by Appellant and fashioned a sentence which was designed to allow Appellant to mature and demonstrate appropriate behavior during his incarceration period. (ST 17) Appellant has not displayed the ability to conform his behavior to the reasonable rules of society, and this sentence is reflective of his rehabilitative needs and the duty of this Court to protect society from his violent actions.

## CONCLUSION

For the above reasons, no abuse of discretion occurred and the rulings of this Court shall be AFFIRMED.

BY THE COURT:

_Jill E. Rangos_ J.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this OPINION was mailed to the following individuals by first class mail, postage prepaid on the 17th day of February 2016.

Michael Streily, Esq.
District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

Melissa R. Ruggiero, Esq.
Office of Conflict Counsel
1405 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

_____
James J. Robertson, Law Clerk for Jill E. Rangos

8