J-S66005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON EDWARD JACKSON, | |
| Appellant | No. 1433 WDA 2016 |

Appeal from the Judgment of Sentence Entered August 25, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0017785-2013
CP-02-CR-0017787-2013

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.*

DISSENTING MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 18, 2018**

I respectfully disagree with the Majority's conclusion that Appellant waived his sentencing claim for our review, and with its alternative position that Appellant's sentencing challenge is meritless. Thus, I dissent.

First, Appellant argues that in fashioning his sentence, the trial court improperly (and repeatedly) "cited four cases that were withdrawn or dismissed in their entirety[,]" without fully recognizing that those cases did not result in convictions. Appellant's Brief at 23, 24. In Appellant's post-sentence motion, he stated:

> 5. [Appellant] believes the courts [*sic*] sentence was excessive for the following reasons:

---

* Retired Senior Judge assigned to the Superior Court.

a) [Appellant] admitted he was addicted to marijuana[;]

b) the court failed to recognize the rehabilitative needs of [Appellant;]

**c) the court failed to recognize [Appellant] has not been convicted of a crime while on probation**[;]

d) [Appellant] has community support.

Post-Sentence Motion, 9/1/16, at 2 (unnumbered; emphasis added). In my view, the above-emphasized language was sufficient to preserve the claim Appellant now raises on appeal. Thus, I dissent from the Majority's position that Appellant waived this issue for our review.

I also disagree with the Majority's alternative conclusion that Appellant's issue is meritless. I recognize, as does the Majority, that in the court's earlier comments at the sentencing proceeding, it acknowledged that Appellant's other criminal cases did not result in convictions. Nevertheless, the court's later statements demonstrate that it did consider the underlying facts of Appellant's dismissed/withdrawn cases as proven facts. Most notably, just prior to sentencing Appellant, the court declared: "I feel that you are a danger due to the combination of guns, drugs and violence." N.T. Sentencing Hearing, 8/25/16, at 6. Appellant stresses, and I agree, that the "[t]rial [c]ourt's conclusion that [he] was incorrigible due to a 'combination of guns, drugs and violence' was baseless, as [Appellant] had no new convictions since the 2014 simple assaults (*i.e.*[,] the instant cases). Though [Appellant] did have technical violations, they did not involve guns and violence." Appellant's Brief at 26.

Moreover, the trial court's comments to Reverend Martin - namely, that Appellant continues to 'beat women' and carry a gun - further establish that the court considered the allegations against Appellant in his dismissed/withdrawn cases as proven facts. While the Majority concludes that it is not "proper to consider off-the-cuff remarks made after sentencing," our Supreme Court has held otherwise. *See Commonwealth v. Bethea*, 379 A.2d 102, 106 (Pa. 1977) ("In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review **all of** the judge's comments.") (emphasis added). Thus, I would conclude that the trial court abused its discretion by sentencing Appellant for criminal conduct for which he was never convicted. *See Commonwealth v. Smart*, 564 A.2d 512, 524 (Pa. Super. 1989) (finding an abuse of discretion where the sentencing court appeared to sentence Smart for crimes of which he was acquitted).

Moreover, I would hold that the court's error in this regard necessitates vacating Appellant's judgment of sentence. To support the contrary position, the Majority cites *Commonwealth v. Smith*, 673 A.2d 893 (Pa. 1996). There, the trial court imposed a **mitigated** sentence based on Smith's lack of a criminal record. In affirming Smith's sentence, our Supreme Court held that "since the impermissible factor relied on … does not implicate constitutional rights, we believe that the improper consideration of [the] appellant's lack of a prior record was more than offset by the wealth of other factors relied on by the trial court." *Id.* at 896-97. Here, unlike in *Smith*, the court imposed a

**harsher** sentence on Appellant based, at least in part, on crimes for which he was never convicted. Thus, in my view, the trial court relied on an impermissible factor implicating Appellant's constitutional right to due process of law, and Appellant's sentence must be vacated. Therefore, I dissent.