J. S91009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY CHARLES LANDI, | : | No. 1004 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 30, 2016,
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos. CP-36-CR-0003211-2011,
CP-36-CR-0003214-2011, CP-36-CR-0003222-2011,
CP-36-CR-0005874-2011

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 17, 2017**

Anthony Charles Landi appeals from the judgment of sentence of
March 30, 2016, following his conviction of six counts of robbery and other
offenses.  We affirm.

The trial court has aptly summarized the procedural history of this
case as follows:

> On January 29, 2013, [appellant] entered an
> open guilty plea to one count of robbery[Footnote 1]
> and one count of theft by unlawful taking[Footnote
> 2] on docket number 3211-2011; four counts of
> robbery and four counts of theft by unlawful taking
> on docket number 3214-2011, one count of robbery
> and one count of theft by unlawful taking on docket
> number 3222-2011 and one count each of
> possession of drug paraphernalia,[Footnote 3]

---

* Former Justice specially assigned to the Superior Court.

unauthorized use of a motor vehicle,[Footnote 4] false reports to law enforcement,[Footnote 5] driving under suspension,[Footnote 6] turning movements[Footnote 7] and failing to use a safety belt.[Footnote 8]

[Footnote 1] 18 Pa[.]C.S. § 3701(a)(1)(ii).
[Footnote 2] 18 Pa.C.S. § 3921(a).
[Footnote 3] 35 P.S. § 780-113(a)(32).
[Footnote 4] 18 Pa.C.S. § 3928(a).
[Footnote 5] 18 Pa.C.S. § 4906(a).
[Footnote 6] 75 Pa.C.S. § 1543(a).
[Footnote 7] 75 Pa.C.S. § 3334(a).
[Footnote 8] 75 Pa.C.S. § 4581(a)(2).

On March 22, 2013, after a presentence investigation, [appellant] was sentenced to an aggregate term of 15 to 30 years['] incarceration to be followed by five years['] consecutive probation. The sentences on the four robbery counts of docket number 3214-2011 were concurrent with each other while the sentences on the other two robbery counts were consecutive. Pursuant to section 9712, 42 Pa.C.S. § 9712, the mandatory minimum sentence of five years['] incarceration was imposed for the robbery offenses committed with a firearm.

[Appellant] filed a motion to reconsider sentence which was denied on April 18, 2013. [Appellant] did not file a direct appeal to the Superior Court.

[Appellant] subsequently filed a timely petition for post[-]conviction collateral relief, and a hearing was held on May 30, 2014. On December 4, 2014, the Court entered an order reinstating [appellant]'s appeal rights and allowing him 30 days to file an appeal to the Superior Court.

After the imposition of [appellant]'s sentence, the United States Supreme Court issued its decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013). Based upon **Alleyne**, section 9712 was held to be unconstitutional.

> ***Commonwealth v. Valentine***, 101 A.3d 801
> (Pa.Super. 2014), ***appeal denied***, 124 A.3d 309
> (Pa. 2015); ***Commonwealth v. Hopkins***, 117 A.3d
> 247 (Pa. 2015). As a result, on December 18, 2015,
> the Superior Court vacated [appellant]'s sentence
> and remanded the matter for sentencing.
> [***Commonwealth v. Landi***, 30 MDA 2015
> (Pa.Super. filed December 18, 2015) (unpublished
> memorandum).]
>
> On March 30, 2016, [appellant] appeared
> before the Court for resentencing. On each count of
> robbery on docket numbers 3211-2011 and 3214-
> 2011, [appellant] was sentenced to four and one-half
> to ten years['] incarceration. On docket number
> 3222-2011, [appellant] was sentenced to four to ten
> years for the robbery offense. These sentences were
> imposed consecutively. On docket number 5874-
> 2011, [appellant] was placed on probation for
> five years consecutive to the other docket numbers
> resulting in an aggregate sentence of 13 to
> 30 years['] incarceration followed by five years[']
> probation.
>
> [Appellant]'s post[-]sentence motion was
> denied on May 12, 2016. On June 9, 2016,
> [appellant], acting ***pro se***, filed a notice of appeal.
> Following a ***Grazier***[Footnote 9] hearing, counsel
> was appointed and a statement of errors complained
> of on appeal[1] was filed [on] July 12, 2016.
>
> [Footnote 9] ***Commonwealth v. Grazier***,
> 552 Pa. 9, 713 A.2d 81 (1998).

Trial court opinion, 9/13/16 at 1-3.

Appellant has raised the following issue for this court's review,

challenging the discretionary aspects of his sentence: "Whether the lower

court's aggregate sentence of 13 to 30 years['] incarceration was unduly

---

[1] Pa.R.A.P. 1925(b).

harsh and a manifest abuse of discretion when the criminal acts of [appellant] were fueled by his drug addiction and occurred within a three week time period?" (Appellant's brief at 8 (capitalization deleted).)

Initially, we must address a jurisdictional issue. Appellant was sentenced on March 30, 2016, and filed a timely post-sentence motion to modify his sentence on April 11, 2016,[2] which was denied by order dated May 12, 2016, and entered May 13, 2016. Appellant, who is incarcerated, filed a **pro se** notice of appeal dated June 9, 2016, with proof of service that the notice was mailed to the trial court on that date. (Docket #3.) However, the notice of appeal was time-stamped as having been received in the trial court on June 15, 2016, two days beyond the 30-day appeal period.[3] As such, the notice of appeal was facially untimely.

Nonetheless, appellant is incarcerated. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (an appeal by a **pro se** prisoner is

---

[2] The actual 10th day following sentencing was Saturday, April 9, 2016. Therefore, appellant's post-sentence motion filed Monday, April 11, 2016, was timely. 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday); Pa.R.Crim.P. 720(A)(1) (a written post-sentence motion shall be filed no later than 10 days after imposition of sentence).

[3] **See** Pa.R.Crim.P. 720(A)(2)(a) (If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). The actual 30th day following denial of appellant's post-sentence motion, June 12, 2016, fell on a Sunday. Therefore, appellant's notice of appeal was required to be filed on or before Monday, June 13, 2016. 1 Pa.C.S.A. § 1908.

deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox). Although appellant did not provide evidence of an earlier mailing date such as a prisoner cash slip, one can assume from the date on the notice of appeal and its proof of service that he placed the notice of appeal in the hands of prison officials by the 30th day, June 13, 2016. *See* Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities."); *Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super. 2007) (noting that even without a postmark definitively noting the date of mailing, quashal may be avoided where the date of receipt indicates that appellant likely placed the notice of appeal in the hands of prison officials before the expiration of 30 days). In light of the above, this court has jurisdiction over the instant appeal.

Appellant argues that his sentence of 13 to 30 years' incarceration was manifestly unreasonable and unduly harsh where the trial court focused solely on the serious nature of the offenses and effectively ignored mitigating evidence. Appellant alleges that the trial court failed to consider his individual circumstances including his drug addiction and the fact that all

six robberies occurred over a three-week time period. (Appellant's brief at 18.) According to appellant, the robberies were the result of his heroin addiction. Appellant argues that since his incarceration, he has obtained his GED, completed victim awareness education, and has maintained an exemplary conduct record. Appellant also argues that by pleading guilty, he spared the victims the additional trauma of having to testify in court. (*Id.* at 18.) Appellant admitted his criminal activity and expressed remorse for his actions. (*Id.*) Appellant also points to support from his family, including letters submitted on his behalf at sentencing. (*Id.*) The sentencing guidelines provided a standard range of 39 to 51 months for each count of robbery, plus or minus 12 months in the aggravated/mitigated range. (Notes of testimony, 3/30/16 at 3.) Therefore, five of appellant's six sentences for robbery fell within the aggravated range of the guidelines.

> As Appellant raises a challenge to the discretionary aspects of his sentence, we note the applicable standard of review is as follows.

> > Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

. . . .

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. McLaine*, ___ A.3d ___, 2016 WL 6576846 at *4 (Pa.Super. 2016), quoting *Commonwealth v. Antidormi*, 84 A.3d 736, 760-761 (Pa.Super. 2014) (internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.*, quoting *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-1007 (Pa.Super. 2014) (some citations omitted).

The record reflects that appellant timely filed a notice of appeal and that he preserved this issue by including it in his post-sentence motion for modification of sentence. Appellant has also included in his brief a statement pursuant to Rule 2119(f). We now consider whether appellant has presented a "substantial question" for our review.

> This Court may reach the merits of an appeal challenging the discretionary aspects of a sentence only if it appears that a substantial question exists as to whether the sentence imposed is not appropriate under the Sentencing Code. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process. A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review."

*Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), quoting *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa.Super. 2001). *See also Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa.Super. 2004) (a claim that the court abused its discretion by sentencing outside the guidelines presents a substantial question that the sentence is not appropriate under the Sentencing Code), citing 42 Pa.C.S.A. § 9781(c)(3).

> The standard of review in sentencing matters is well settled: imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion. *Commonwealth v. Smith*, 543 Pa. 566, 570-71, 673 A.2d 893, 895 (1996). An

> abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Smith** at 571, 673 A.2d at 895. An appellate court shall vacate a sentence and remand if the sentence is outside the guidelines and is "unreasonable." **Id.** (quoting 42 Pa.C.S. § 9781(c)(3)). If the sentence is "not unreasonable," the appellate court must affirm. **Id.**

**Griffin**, 804 A.2d at 7.

> When the sentencing court imposes a sentence outside the guidelines, it must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. **Eby**, 784 A.2d at 206. The Sentencing Code requires a trial judge who intends to sentence outside the guidelines to demonstrate, on the record, his awareness of the guideline ranges. **Id.** Having done so, the sentencing court may, in an appropriate case, deviate from the guidelines by fashioning a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. **Id.** at 207. In doing so, the sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. **Id.** at 206. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only. **Id.**

**Griffin**, 804 A.2d at 7-8.

Here, the trial court was well aware of appellant's mitigating evidence, including his lengthy history of drug use, his employment history, and his family support. (Notes of testimony, 3/30/16 at 6.) Defense counsel argued that appellant has been a model prisoner during the four years he has been

incarcerated. (*Id.*) The trial court was also in possession of a pre-sentence investigation report. (*Id.* at 5.) "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Fullin*, 892 A.2d 843, 849-850 (Pa.Super. 2006), quoting *Commonwealth v. L.N.*, 787 A.2d 1064 (Pa.Super. 2001).

Appellant exercised his right of allocution and apologized for his criminal conduct. (Notes of testimony, 3/30/16 at 8.) The trial court acknowledged certain mitigating factors weighing in appellant's favor but ultimately concluded that the serious nature of the offenses, including the fact that most of the establishments appellant robbed at gunpoint were frequented by young people, warranted a more severe sentence:

> . . . in other words, these are places, particularly these GameStop facilities, and Play N Trade, which, like I said, is the same basic operation, and the Turkey Hill Market, which are locations frequented by younger people. A lot of them involved in these video games are young men who are not particularly known to use excellent judgement and you going in there with this weapon presented a grave risk of danger of death or serious injury, not only to the clerks, but, also, to any customer in the store who decided that now is his time to step up and do something, thereby, provoking further violence. I have also considered, simply, the number of these offenses. This was not a once stop and done, you have had six of these violent offenses. I have considered your rehabilitative needs, particularly the fact at the time you were using heroin.

*Id.* at 13-14.

> Particularly, the idea that, well, heroin made me do it and what's the problem? None of these people were actually hurt. Unfortunately it was not for lack of effort on your part that no one was hurt. When you go into these types of establishments with this type of weapon, I believe it was a bb gun, or something, it looks just like a real gun. No police officer walking by is going to sit there and say: Well, there is somebody holding up a GameStop with a gun. I think I'll take the chance that that's a bb gun and it is not loaded, rather than the fact that it is a [G]lock nine and it is loaded. That's what provokes serious danger of death or bodily injury to everybody. You just can't do this sort of thing.

*Id.* at 15.

> I understand you're going through this course at the a [sic] State correctional institution, I forget what they call it, victim empathy or victim impact or whatever it is. And that is certainly commendable, but, the difficulty is, essentially, what your attorney seems to be seeking on your behalf is a volume discount. If you go out and commit six armed robberies, that's no worse than if you went out and committed one. That's what running all these sentences in a concurrent manner would mean and I think that is completely inappropriate. As I have told other people, I would not wish drug addiction on my worst enemy, but that's not an excuse for endangering members of the community in this type of spree. If you have had a substance abuse problem since you were ten years old, you have had a significant period of time in which to address that problem. You were in the White Deer Run Program and in the Gatehouse Program. These offenses were committed after you got out of those two programs. So it is not that you weren't given, or were denied an opportunity to have treatment for your addiction. It simply didn't take or you simply did not commit to the treatment. The situation you find yourself in you brought on yourself. And I consider, as an

aggravating factor, the number of offenses that you have committed.

*Id.* at 16-17.

The trial court placed sufficient reasons on the record justifying an aggravated range sentence on five of the six robbery charges. We also note that the trial court could have run all six counts consecutively, resulting in a much longer sentence. *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa.Super. 1995) (a challenge to the court's imposing consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence and an appellant is not entitled to a "volume discount" for his crimes by having his sentences run concurrently (citation omitted)). It cannot be said that appellant's aggregate sentence of 13 to 30 years' incarceration was unreasonable under the circumstances. Appellant's discretionary aspects of sentencing claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017

- 12 -