J-S94035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHNNA LEE GORDNER | |
| Appellant | No. 1183 MDA 2016 |

Appeal from the Judgment of Sentence June 10, 2016
in the Court of Common Pleas of Sullivan County Criminal Division
at No(s): CP-57-CR-0000011-2016

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED FEBRUARY 21, 2017**

Appellant, Johnna Lee Gordner, appeals from the judgment of sentence entered in the Sullivan County Court of Common Pleas following her open guilty plea to one count of criminal trespass,[1] graded as a third-degree felony. Appellant challenges the discretionary aspects of her sentence of four to twenty-four months' imprisonment.[2] We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503(a)(1).

[2] An open plea of guilty does not preclude a subsequent challenge to the discretionary aspects of the sentence. ***See Commonwealth v. Brown***, 982 A.2d 1017, 1019 (Pa. Super. 2009) (stating where defendant pleads guilty without any agreement as to sentence, defendant retains right to petition Superior Court for allowance of appeal with respect to discretionary aspects of sentencing).

On April 5, 2016, Appellant was arrested in connection with a burglary at 8414 Route 220 in Sullivan County. At the time of arrest, the arresting officer filed an affidavit of probable cause that included the following statement of the property owner's son:

> On 4/4/16 @ 2020 hours, I was coming home and observed a van parked in my father's driveway. I then went home and dropped off my son, who lives a short distance away. I returned and parked my car in the driveway to block in the van. I opened the front door, yelled in who was here. I then observed a woman coming out of the kitchen. I asked her what she was doing here. She replied, she was looking for her Uncle Don. I told her that there has never been a Don that lives here. She then said she used to come and visit him here before he died. I then called the police. I then told her to go outside and wait in her van for the police. When I was walking by the van, I noticed a wheelbarrow in the van. When I asked her about it, she admitted taking the wheelbarrow. She then put the wheelbarrow back on the ground and told me she would give me $20.00 to let her go, to which I refused. She then backed up her van almost hitting my car and tried to drive over the front yard to leave but couldn't make it.
>
> She then backed up close to the house, got out and proceeded to remove multiple items from the rear of the van throwing them on the ground. The police then showed up and discovered multiple rifles on the ground in the exact place where I observed her removing and throwing items from her van onto the ground.

Criminal Compl., Aff. of Probable Cause, 4/5/16 (with minor grammatical revisions).

On April 21, 2016, the Commonwealth filed a criminal information charging Appellant with burglary—overnight accommodation, no person

present,[3] two counts of theft by unlawful taking,[4] two counts of receiving stolen property,[5] and the aforementioned count of criminal trespass. Appellant pleaded guilty to criminal trespass on May 3, 2016, and the Commonwealth withdrew the remaining charges.

On June 2, 2016, following review of a pre-sentence investigation report, the trial court sentenced Appellant to four to twenty-four months' imprisonment, which fell within the aggravated range of the Sentencing Guidelines.[6] The court gave the following reasons for sentencing Appellant in the aggravated range:

> 1. [Appellant] has not taken any responsibility for her actions nor has shown any remorse for her actions during the course of the investigation and the court proceedings. 2. The [property owner] is a cancer patient currently struggling with that illness. 3. Any lesser sentence would depreciate the serious nature of the offense. 4. The attempted theft was firearms.

N.T. Sentencing Hr'g, 6/2/16, at 6. In further support of its sentence, the court observed:

> [D]uring the pre-sentence interview with [Appellant], [Appellant] denied ever having possession of the firearms at issue and denied that said firearms were ever thrown from her van. [Appellant] is not a resident of Sullivan County[,] and she further reported during her pre-sentence interview that she repeatedly drove by the

---

[3] 18 Pa.C.S. § 3502(a)(2).
[4] 18 Pa.C.S. § 3921(a).

[5] 18 Pa.C.S. § 3925(a).

[6] *See* 204 Pa. Code § 303.16(a).

victim's residence numerous times[,] and that the home appeared abandoned. Lastly, this [c]ourt sentenced [Appellant] in the aggravated range based upon the plea, the offense gravity score of three (3) and the [c]ourt's belief that [Appellant] would be unable to be supervised at the county level.

Trial Ct. Op., 8/25/16, at 3.

On June 10, 2016, the trial court docketed the judgment of sentence. On June 16, 2016, Appellant filed post-sentence motions asserting that her sentence was excessive. On June 20, 2016, the court denied Appellant's post-sentence motions. On July 18, 2016, Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises one argument in this appeal:

Did the trial court commit error in sentencing Appellant in the aggravated range despite the fact that the court's sentencing order contained no rationalization for the same and any reasons contained in the record were either not supported by the facts and/or were impermissible factors to justify an aggravated range sentence?

Appellant's Brief at 4.

Appellant contends that her sentence is excessive for the following reasons: (1) she suffers from multiple sclerosis; (2) she is fifty-three years old and has no prior criminal record; (3) the Commonwealth did not request an aggravated range sentence and made no comment during sentencing; (4) the court's rationale that "any lesser statement would depreciate the serious nature of the offense" was an impermissible reason; and (5) the charge of attempted theft of firearms was dismissed at Appellant's guilty

plea hearing. Appellant's Brief at 8-9. We conclude that Appellant is not due relief.

This Court has held:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
>> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted). The Rule 2119(f) statement

> must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (e.g., the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). "Our inquiry must focus on the **reasons** for which the appeal is

sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.***

Here, Appellant timely appealed, preserved the issue in her post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in the brief. ***See Evans***, 901 A.2d at 533. Further, Appellant's claim that her aggravated-range sentence was excessive, in conjunction with her claim that the trial court relied on impermissible factors, raises a substantial question. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1065 (Pa. Super. 2011) (finding a substantial question was raised by claim that a sentence in the aggravated range for DUI and involuntary manslaughter was excessive, in conjunction with a claim that the trial court relied on impermissible factors). Accordingly, we examine the merits.

This Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted). A sentence may be found unreasonable if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing[.]" ***Commonwealth v. Walls***, 926 A.2d

957, 964 (Pa. 2007) (citation omitted). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When reviewing the reasonableness of a sentence, an appellate court should consider four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. 42 Pa.C.S. § 9781(d)(1)-(4).

"Where pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

In this case, the trial court reviewed Appellant's pre-sentence investigative report and stated reasons for sentencing her in the aggravated range—specifically, the gravity of her crime, her lack of remorse that she exhibited in her pre-sentence interviews, the need for a state sentence due to the inability to supervise her at the county level, and the vulnerability of

the victim. *See Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (holding that the trial court acted within its discretion in sentencing defendant above standard sentencing guidelines for recklessly endangering another person, where court ordered pre-sentence report and based the aggravated sentence on defendant's prior criminal record, age, personal characteristics and lack of potential for rehabilitation); *Commonwealth v. Berry*, 785 A.2d 994, 998 (Pa. Super. 2001) (noting the age and frail condition of victim can be aggravating circumstances when sentencing). Thus, the trial court set forth several proper reasons for sentencing Appellant in the aggravated range.

As to Appellant's complaints that the trial court failed to consider, or inadequately weighed, mitigating circumstances such as Appellant's age, medical condition, and lack of a significant prior record, these matters were included in her pre-sentence report. Therefore, we presume the trial court considered these factors at sentencing. *See Devers*, 546 A.2d at 18.

With regard to Appellant's assertion that the Commonwealth stood silent at sentencing, the Commonwealth's recommendations, or lack thereof, are not binding on the trial court's exercise of discretion at sentencing. Thus, this claim is frivolous.

Appellant contends that the court's comment that any lesser sentence would depreciate the serious nature of the offense was not a valid reason for imposing an aggravated sentence but was merely "a statement by the

court." Appellant's Brief at 9. Appellant's one-sentence argument is waived because it is not sufficiently developed for our review. *See id.*; *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (reiterating that arguments not sufficiently developed for appellate review are waived). In any event, this argument is baseless in light of the proper reasons given by the trial court.

Lastly, appellant argues that the trial court abused its discretion by enhancing her sentence based on a charge that was withdrawn by the Commonwealth. Appellant observes that the court alluded to an "attempted theft" of firearms. Because Appellant was not charged with attempted theft, we presume the court intended to refer to the charge of theft by unlawful taking, which was dismissed as part of Appellant's plea to criminal trespass. Appellant contends that the court's references to the firearms and the theft count was an abuse of discretion because the court relied on an improper factor.

In *Commonwealth v. Stewart*, 867 A.2d 589 (Pa. Super. 2005), this Court held that the sentencing court abuses its discretion when it enhances a sentence based on charges that have been *nolle prossed* as part of a plea agreement. *Id.* at 593. This Court has also held, however, that when the sentencing court relies on an improper factor, the sentence should stand when the court has independently valid reasons for sentencing outside the standard range. *See Commonwealth v. Smith*, 673 A.2d 893, 896-97 (Pa. 1996) (concluding that even though court referred to an impermissible

sentencing factor, the sentence must be affirmed where court had independently valid reasons for departing from standard range sentence); **Commonwealth v. Shelter**, 961 A.2d 187, 192 (Pa. Super. 2008) ("even if a sentencing court relies on a factor that should have not been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines").

In this case, we conclude that the trial court provided sufficient, independently valid reasons for sentencing Appellant in the aggravated range of the sentencing guidelines. Therefore, Appellant's claim that the trial court improperly relied on an impermissible factor fails. **See Smith**, 673 A.2d at 896-97; **Shelter**, 961 A.2d at 192.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017

- 10 -