J-A14007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM EUGENE HENDERSON, | |
| Appellant | No. 3064 EDA 2016 |

Appeal from the Judgment of Sentence Entered February 19, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004423-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 14, 2017**

Appellant, William Eugene Henderson, appeals from the judgment of sentence of an aggregate term of 11½ to 23 months' incarceration, followed by 2 years' probation, imposed after he pled guilty to single counts of possessing an instrument of crime (PIC) and simple assault, and two counts each of recklessly endangering another person (REAP) and summary harassment.  On appeal, Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The trial court set forth the facts of this case as follows:

> On May 4th of 2015 at approximately 9:00 a.m., [Trooper Jeffrey Hand of the Pennsylvania State Police] was dispatched to I-95 southbound in the area of Woodhaven Road, Bristol Township, Bucks County, for a report of shots fired at another vehicle.  [Trooper Hand] interviewed the victim identified as Keith Hadfield.  Mr. Hadfield stated he had just picked up his daughter from her sitter and was en

route to his residence in Philadelphia via State Route 413 and I-95 south.

[Mr.] Hadfield related that he had accidentally cut off another vehicle while he was merging onto the ramp on State Route 413 to I-95. He said the other vehicle, driven by [Appellant], proceeded to pull alongside his vehicle…. [Appellant] point[ed] a handgun at him through the open passenger side window. [Mr.] Hadfield further related that [Appellant] … fired one round at him through that window. [Mr.] Hadfield said he immediately slowed down because he thought he had been shot.

N.T. [Plea/Sentencing Hearing,] 2/19/16, [at] 6-7.

Police [stopped] [Appellant's] vehicle and [recovered] a silver starter pistol[1] from within the vehicle. The driver of the vehicle was identified as [Appellant]. After receiving *Miranda*[2] rights[,] … [Appellant] admitted to firing the weapon at the victim because the victim had cut him off.

N.T. [Post-Sentence Motion Hearing,] 8/30/16, [at] 4-5.

Trial Court Opinion (TCO), 11/21/16, at 1-2.

Appellant was arrested and charged with various offenses. On February 19, 2016, he entered a guilty plea to the above-stated crimes and was sentenced that same day. Specifically, for Appellant's PIC conviction, he received a term of 11½ to 23 months' incarceration, followed by 24 months' probation. For his convictions of simple assault and REAP, he was

---

[1] A 'starter pistol' is apparently a blank handgun typically used to commence athletic races. However, Mr. Hadfield informed authorities that he believed it was an authentic firearm. N.T. Post-Sentence Motion Hearing, 8/30/16, at 6.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

sentenced to concurrent terms of 2 years' probation. Appellant received no further penalty for his summary harassment convictions.

Appellant filed a timely post-sentence motion for reconsideration of his sentence, which the court denied after conducting a hearing. Appellant then filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant raises one issue for our review:

> A. Did the trial court abuse its discretion when it departed from the guidelines, disregarding mitigating evidence?

Appellant's Brief at 4.

Appellant's issue challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant has satisfied the first three requirements for obtaining review of his sentencing claim. Thus, we must assess whether he presents a substantial question for our review in his Rule 2119(f) statement. Therein, Appellant essentially contends that the court failed to consider mitigating factors when imposing a term of incarceration for his PIC conviction that is outside of the aggravated guideline range. We consider this claim as constituting a substantial question for our review. ***See Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) ("Appellant's claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question.") (citation omitted).

In assessing the merits of Appellant's sentencing claim, we recognize that

> the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. ***Commonwealth v. Smith***, 543 Pa. 566, 673 A.2d 893, 895 (1996) ("Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion."). As stated in ***Smith***, an

abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* In more expansive terms, our Court recently offered: "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Grady v. Frito–Lay, Inc.,* 576 Pa. 546, 839 A.2d 1038, 1046 (2003).

*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

Where, as here, a trial court imposes a term of incarceration outside of the Sentencing Guidelines, we must "assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Id.* at 963 (citing 42 Pa.C.S. § 9781(c), (d)). Pertinent to that inquiry, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). Additionally, "a sentence may also be unreasonable if the appellate court finds that the sentence imposed was without express or implicit consideration by the sentencing court of general standards applicable to sentencing found in [42 Pa.C.S. §] 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant." *Walls*, 926 A.2d at 964 (citing 42 Pa.C.S. § 9721(b)).

With this background in mind, we will assess Appellant's claim that the trial court abused its discretion in fashioning his PIC sentence, which was above the aggravated range of the guidelines. According to Appellant, "[t]he court failed to provide any weight [to] his immediate cooperation with the police upon being stopped, his waiving his *Miranda* rights and full confession at the scene, his waiving of his rights to unlawful search and seizure and allowing the item [the gun] to be recovered immediately, and [his] prompt acceptance of responsibility before the court…." Appellant's Brief at 14-15. Appellant argues that instead of considering these mitigating circumstances, the court "decided to rely heavily and almost exclusively on a juvenile case of which it had no underlying factual basis, that constituted speculation, and the fact that there were two people, a father and child, in the car[,] suggesting that there could have been two sentences." *Id.* at 15. Finally, Appellant complains that the court "double counted the underlying charges and facts, and failed to state sufficient reasons that were not already contemplated in the sentencing recommendations when it departed from the [g]uidelines." *Id.* at 15.

Appellant's arguments are wholly unconvincing. Initially, Appellant's bald assertion that the court 'double counted' factors, and improperly considered issues that were already accounted for by the Sentencing Guidelines, was not raised in his Rule 2119(f) statement. In any event, Appellant completely fails to develop this claim in the argument portion of his brief. Therefore, we will not address it further.

In regard to Appellant's assertion that the court failed to consider certain mitigating circumstances, the record belies that claim. The court stated that it considered Appellant's age, and it heard Appellant's statement that he accepted full responsibility and understood that his behavior was "completely inappropriate[.]" N.T. Plea/Sentencing, 2/19/16, at 12, 14. However, the court was also informed that, in January of 2016, Appellant was convicted of terroristic threats in "three cases all similar to this incident…." *Id.* at 8. Contrary to Appellant's argument, we ascertain nothing improper about the court's considering Appellant's history of "other instances of aggression and threatening behavior." *Id.* at 15.

Additionally, it is clear that the court took into account the section 9721(b) factors, and explicitly weighed more heavily the seriousness of Appellant's offenses, the impact of his crimes on the victims, and the danger he poses to the community. For instance, at the sentencing hearing, the court stressed that Appellant's conduct was "beyond … the spontaneous statement that is made in anger." *Id.* The court also focused on the fact that, "not only was this gentleman and his child" put in danger, "but other persons on the roadway … were endangered by [Appellant's] behavior[,]" as well. *Id.* Moreover, in the court's Rule 1925(a) opinion, it summarizes its sentencing considerations, stating:

> We found that departing from the guidelines was appropriate because of the gravity of the offense, its effect on the victims and the public, and the need for community protection. Appellant endangered and terrorized both the victims and the public at large by firing a shot at the victim's car

on a highway. In addition, this [c]ourt considered Appellant's criminal history, which involved prior terroristic behavior.

We recognize that Appellant accepted responsibility and waived his right to trial. However, these facts do not outweigh the seriousness of Appellant's behavior and its effect on the victims and the community. As this [c]ourt stated at the hearing for the Motion to Modify and Reconsider Sentence, it was hard to "imagine a more serious offense meeting these definitions." Further, this [c]ourt could have given Appellant consecutive periods of incarceration for Counts 1, 2, 3, and 4[,] but did not do so.

TCO at 5.

Based on this record, we cannot conclude that Appellant's sentence is unreasonable. The trial court considered the requisite statutory factors, as well as the mitigating factors Appellant discusses herein, and chose to weigh more heavily the factors calling for a lengthier sentence. The court's decision was not an abuse of discretion, especially considering the serious facts of this case, and Appellant's history of committing similar offenses. We also point out that Appellant faced a total maximum sentence of 11 years' incarceration, had the court imposed consecutive terms of imprisonment for each of his offenses. *See* N.T. Plea/Sentencing Hearing at 4. Thus, while Appellant's PIC sentence is above the aggravated guideline range, we cannot ignore that the court imposed concurrent terms of probation for his remaining offenses, rather than further incarceration. In other words, the court's overall sentencing scheme was not an abuse of discretion, especially where the court clearly stated compelling reasons on the record, and in its opinion, for fashioning Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2017