J-S07003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDA SUE SMITH | : | |
| | : | |
| Appellant | : | No. 1391 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 16, 2018
In the Court of Common Pleas of Juniata County Criminal Division at
No(s):  CP-34-CR-0000190-2010

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 16, 2019**

Appellant, Brenda Sue Smith, appeals from the judgment of sentence entered July 16, 2018, as made final by the denial of post-sentence motions by order dated August 17, 2018.  We affirm.

The factual and procedural history of this case are as follows.  On September 15, 2010, Appellant shot and killed her son-in-law.  On February 3, 2012, a jury convicted Appellant of first-degree murder[1].  Thereafter, the trial court sentenced her to life in prison.  This Court affirmed Appellant's judgment of sentence on December 15, 2014.  However, the trial court granted Appellant's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, petition on September 21, 2017, based on ineffective

_____

[1] 18 Pa.C.S.A. § 2502(a).

_____

*   Retired Senior Judge assigned to the Superior Court.

assistance of counsel.[2]   Instead of going through another trial, the Commonwealth agreed to dismiss the criminal homicide and first-degree murder charges in exchange for a plea to third-degree murder.  On May 4, 2018, Appellant entered an open guilty plea to one count of third-degree murder.[3]  The court sentenced her to 20 to 40 years' incarceration with credit for time served from September 15, 2010.[4]  On July 23, 2018, Appellant filed post-sentence motions asking that the court order resentencing and that the judge recuse herself from that proceeding.  On August 17, 2018, the court denied those motions.  This timely appeal followed.[5]

Appellant raises the following issues on appeal:

1. At sentencing following a guilty plea [to third-degree murder], did the court commit an error of law and thereby abuse its discretion in considering testimony from an earlier trial in

---

[2] Appellant's PCRA petition alleged ineffective assistance of counsel for a multitude of reasons.  She attained relief based on trial counsel's failure to object to Appellant's written confession being given to the jury in deliberations.

[3] 18 Pa.C.S.A. § 2502(c).

[4] The sentencing court sentenced Appellant to 20 to 40 years' incarceration. Appellant's sentence is not outside of the sentencing guidelines.  Third-degree murder has an offense gravity score of 14, so even though Appellant had a prior record score of zero, her sentence is within the standard range.  **See** 204 Pa.C.S.A. § 303.16(a).  The record reflects that the sentencing court received a presentence report that recommended a sentence of 20 to 40 years.

[5] On August 29, 2018, the sentencing court ordered the filing of a concise statement of matters complained of on appeal.  Appellant complied on September 6, 2018.  Her concise statement lists all three claims that she now raises on appeal.  The court filed its final memorandum on October 12, 2018.

concluding this was a "deliberate" and "planned" killing to support its imposition of the maximum sentence when the conviction from that trial had been vacated on the ground that trial counsel had been ineffective, the trial evidence relied on was totally discredited in PCRA proceedings, and the record before the court at sentencing consisted solely of the facts established at the plea hearing?

2. Did the sentencing court commit an error of law and thereby abuse its discretion in explicitly refusing to consider overwhelming mitigating evidence?

3. Did the sentencing court commit an error of law and thereby abuse its discretion in considering the unsworn, incompetent testimony of several Commonwealth witnesses?

Appellant's Brief at 3.

All three of Appellant's claims allege that the sentencing court abused its discretion in sentencing. As this Court explained:

[t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the instant case, Appellant filed a timely notice of appeal and properly preserved the issues in her post-sentence motion. Appellant's brief contains the requisite 2119(f) concise statement and, as such, is in compliance with the procedural requirements to challenge the discretionary aspects of a

sentence. *See* Appellant's Brief at 14-18. Thus, we will address whether Appellant's issues present a substantial question.

Appellant's first issue argues that the sentencing court abused its discretion in considering testimony from Appellant's earlier trial for first-degree murder when imposing a sentence for her plea to third-degree murder. Generally, to raise a substantial question an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). When determining whether an appellant has set forth a substantial question, "[o]ur inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005).

This Court has held that where an appellant claims that the sentencing court considered improper factors in sentencing, a substantial question exists. *See Commonwealth v. Druce*, 796 A.2d 321, 334 (Pa. Super. 2002) (an allegation that the trial court relied on matters not of record during sentencing raises a substantial question); *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010) (a claim that the trial court relied on a

"mischaracterization of the evidence" at sentencing presents a substantial question). Therefore, Appellant's first issue presents a substantial question and we will review the merits.

> In reviewing a sentencing claim, we are mindful that[ w]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. An appellate court will not disturb the lower court's judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

*Miller*, 965 A.2d at 277, *citing* ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000). Moreover, this Court has held that, even if a sentencing court relies on impermissible factors, the sentence should stand and there is no abuse of discretion so long as it "has significant other support for its departure from the sentencing guidelines." ***Commonwealth v. Shelter***, 961 A.2d 187, 191 (Pa. Super. 2008), *citing* ***Commonwealth v. Smith***, 673 A.2d 893, 896-897 (Pa. 1996).

Appellant argues that when fashioning her sentence, the sentencing court, "was relying on testimony from the trial six years earlier… [which] was now a legal nullity." Appellant's Brief at 15. Notably, Appellant does not dispute the facts that she acknowledges underlie the sentencing court's decision. As part of her plea, Appellant admitted to shooting the victim to death in the back of the head. Rather, she supplements those facts with

- 5 -

allegations that the victim was abusive to her and her daughter. Although the sentencing court referred to Appellant's initial trial at sentencing, the court specifically said, "[t]he trial occurred. People will never forget what they heard, but that is not something that the court can necessarily take into consideration. That is gone." N.T., 7/16/2018, at 38. The sentencing court also indicated on the record that it read the sentencing memoranda from both the Commonwealth and Appellant, including all of the letters in support of Appellant and those from the victim's family and friends. The sentencing court clearly weighed many factors in determining Appellant's sentence. The sentence is within the standard range and not clearly excessive considering the gravity of the offense. The sentencing court did not abuse its discretion by referencing Appellant's trial.

Appellant's second issue alleges that the sentencing court abused its discretion by failing to consider mitigating factors. Generally, such a claim does not constitute a substantial question warranting a review of the merits unless the sentence imposed was in the aggravated range. **See Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) ("An allegation that the sentencing court failed to consider certain mitigating factors generally does not [] raise a substantial question."), *citing* **Commonwealth v. McNabb**, 819 A.2d 54, 57 (Pa. Super. 2003); **compare Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (stating that a substantial question is raised where appellant alleges the

sentencing court imposed an aggravated range sentence without adequately considering mitigating circumstances). As indicated above, Appellant did not receive an aggravated sentence. As such, this allegation fails to raise a substantial question.

Appellant's third and final issue complains that the sentencing court abused its discretion by relying on the "unsworn, incompetent testimony of several Commonwealth witnesses." Appellant's Brief at 3. The witnesses to which Appellant refers are the family and friends of the victim who read their impact statements at the sentencing hearing. Section 11.201(5) of the Pennsylvania Crimes Code specifically allows the submission of oral and written victim impact testimony before sentencing and, in fact, commands that, "[v]ictim-impact statements shall be considered by a court when determining the disposition of a juvenile or sentence of an adult." 18 Pa.C.S.A. § 11.201(5). Therefore, it cannot be argued that consideration of such testimony is inconsistent with the fundamental norms of the sentencing process. As such, Appellant's final issue does not present a substantial question requiring a full analysis on the merits. Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judge Pellegrini joins.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/16/2019</u>