J-A19042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHMEER YOUNG | : | |
| | : | |
| Appellant | : | No. 2098 EDA 2020 |

Appeal from the Order Entered October 27, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003398-2019

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 28, 2022**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County Criminal Division following a non-negotiated guilty plea by Rahmeer Young (Appellant) to robbery (for threatening or intentionally putting the victim in fear of immediate serious bodily injury) and terroristic threats.[1]  Appellant asserts that the trial court abused its discretion by imposing an excessive aggregate 12 ½ to 25 years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa. C.S. §§ 3701(a)(1)(ii) and 2706 (a)(1).  Appellant was also charged with simple assault, recklessly endangering another person (REAP), theft-receiving stolen property, and theft by unlawful taking; the Commonwealth _nolle prossed_ these charges.

sentence outside the sentencing guidelines[2] and the Commonwealth's sentencing recommendation.[3] The Commonwealth has filed a brief, further asserting that Appellant's sentence is illegal because the trial court imposed separate sentences for robbery and terroristic threats, and the two sentences should have merged for sentencing purposes. The Commonwealth also asserts that the trial court abused its discretion by imposing the statutory maximum sentence, far in excess of the sentencing guidelines. After careful consideration, we affirm the convictions for both robbery and terroristic threats, but vacate the judgment of sentence for terroristic threats, as it merges with robbery.

The factual history presented by the trial court in its 1925(a) opinion is as follows:

> On March 13, 2019, at approximately 2:00 a.m., Appellant, Rahmeer Young, robbed [Victim], on the 3200 block of Pearl Street in Philadelphia, as she was walking home from the Drexel University library. According to [Victim], Appellant approached her and told her "give me everything you have or it'll get really violent." Appellant then put his hand on a bulge on his left side, which led [Victim] to assume he was armed. Appellant then took a $50 American Express gift card and [Victim]'s student ID. He then grabbed [Victim]'s arm and attempted to drag her to a secondary location. [Victim] was able to break free, and she fled to her home, where she contacted police. Philadelphia Police

---

[2] Appellant's offense gravity score was 10, and his prior record score was 1; the Pennsylvania sentencing guidelines for robbery provide a standard sentencing range of 2 ½ to 3 ½ years, with an aggravated range of plus 12 months. N.T., 9/5/19 at 15.

[3] The Commonwealth requested an aggregate sentence of 2 ½ to 5 years' incarceration. N.T., 9/5/19 at 16.

> Officers apprehended Appellant based on [Victim]'s description. Appellant was in possession of [Victim]'s stolen belongings, and [Victim] positively identified Appellant as the man who robbed her.

Trial Court Opinion (TCO), 2/16/2021 at 1.

Following a sentencing hearing on September 5, 2019, Appellant was sentenced to consecutive terms of ten to twenty years' confinement for robbery and two and one-half to five years of confinement for terroristic threats. He filed a motion for reconsideration of sentence, which was denied on October 27, 2020. This appeal followed.[4]

Although Appellant has not raised this issue, a claim that crimes should have merged for sentencing purposes raises a challenge to the legality of a sentence. *Commonwealth v. Martinez*, 153 A.3d 1025, 1030 (Pa. Super. 2016). The issue of whether a sentence is illegal is not subject to waiver and may be raised by this Court, even if its illegality has not been raised by the appellant. *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019); *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013). "The legality of a criminal sentence is non-waivable, and this Court may 'raise and review an illegal sentence *sua sponte*.'" *Pi Delta Psi, Inc.*, 211 A.3d at 889 (quoting *Commonwealth v. Muhammed*, 992 A.2d 897 (Pa. Super. 2010)). In a challenge to the legality of a sentence, our standard

---

[4] The trial court ordered Appellant to file a concise statement of matters complained of on appeal on December 3, 2020, and Appellant filed a concise statement on December 10, 2020. The trial court issued its 1925(a) opinion on February 16, 2021.

of review is *de novo* and the scope of review is plenary. **Martinez**, 153 A.3d at 1030 (Pa. Super. 2016).

The crime of terroristic threats is committed when an individual "communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another." 18 Pa.C.S. § 2706(a)(1). The robbery charge to which Appellant pled guilty was section 3701(a)(2) of the Crimes Code, which provides that an individual is guilty of robbery if, in the course of committing a theft, he or she "threatens another with or intentionally puts [her] in fear of immediate serious bodily injury[;]." 18 Pa.C.S. § 3701(a)(2).

> "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

18 Pa.C.S. § 9765. The offense of robbery under section 3701(a)(2) includes all of the statutory elements of terroristic threats. Where a defendant's convictions for terroristic threats and robbery both rely on the same threatening statement - "give me everything you have or it'll get really violent" – the convictions merge and the sentence is illegal. **See Martinez**, 153 A.2d at 1032.

Appellant's claim of a manifestly excessive sentence implicates the discretionary aspects of his sentence, and such challenge does not guarantee

a petitioner's right to our review. Instead, in order to invoke our Court's jurisdiction, he must satisfy a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b),

***Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015) (citation omitted.) Here, Appellant filed a timely notice of appeal, and his brief included a statement of reasons relied upon for allowance of appeal, as is required by Pa.R.A.P. 2119(f). **See** Appellant's Brief at 9. He also preserved the issue in a timely post-sentence motion to reconsider, filed on September 16, 2019. Therefore, we consider whether Appellant has raised a substantial question.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or () contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (internal citations omitted). A claim that a sentence was based on an improper factor raises a substantial question, ***see Commonwealth v. Downing***, 990 A.2d 788, 792 (Pa. Super. 2010), and an allegation that a sentence was unreasonable because it was outside the sentencing guidelines similarly raises

a substantial question, *see Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008). Appellant claims that the trial court focused solely on the harm caused to the victim and failed to take into account mitigating factors, and the imposition of the statutory maximum sentence was far in excess of the sentencing guidelines, which provide for a minimum sentence of two and one-half years. Here, we conclude that the challenges present a substantial question, and we proceed to the merits of the sentencing challenge.

Our Supreme Court has enunciated the proper standard of appellate review of a sentencing court's imposition of a sentence:

> Our Court has stated that the proper standard of review when considering whether to affirm the sentencing court's determination is the abuse of discretion. *Commonwealth v. Smith*, 673 A.2d 893, 895 ((1996) ("Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion."). As stated in *Smith*, an abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id*. In more expansive terms, our Court recently offered: "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Grady v. Frito-Lay, Inc*., 839 A.2d 1038, 1046 (2003).

*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citations and footnotes omitted). The Sentencing Code offers general standards with

respect to the imposition of sentence which require the sentencing court to impose a sentence that "is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." **Walls**, 926 A.2d at 962; 42 Pa.C.S.A. § 9721(b). Where, as here, a sentence imposed is outside the sentencing guidelines, we must remand if the sentence is "unreasonable." 42 Pa.C.S.A. § 9781(c). "In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> (3) The findings upon which the sentence was based.
> (4) The guidelines promulgated by the commission.

**Walls**, 926 A.2d at 963; 42 Pa. C.S. § 9781(d).

Before the trial court, the victim testified that since the robbery, she has been unable to sleep in her own room, and that it took her months before she could sleep alone in her apartment. N.T., 9/5/19 at 7. She stated that she can no longer spend nights in the library studying past midnight in what was formerly a safe and comfortable routine for her; her daily panic attacks have become less frequent through therapy, but she is an amputee living in the City, and she is left feeling vulnerable. **Id**. She stated that she remains at work for hours after she clocks out, just to avoid walking home alone, and she will never feel as safe again. **Id**. at 7-8. The Commonwealth apprised the

trial court that the victim believed that Appellant was armed when he put his hand on a bulge on his left side, and that after he took her belongings, he grabbed her arm and attempted to pull her from the area, but she pulled free. *Id*. at 8-9.

Prior to its imposition of the sentence, the trial court acknowledged that Appellant was "self-medicating" with Xanax. *Id*. at 24. Appellant's mother alluded to Appellant's presentence investigation report, noting that it reveals that Appellant lost one of his friends to an accidental shooting, and that his father had died under mysterious circumstances. *Id*. at 14. The trial court acknowledged that Appellant had no violent history but noted that his probation had been revoked on both of the DUI's with which he was formerly convicted. *Id*. at 15. The trial court found that Appellant was lurking on the Drexel University campus at 2:00 a.m., and that he preyed upon the victim. *Id*. The trial court indicated that the sentencing guidelines had been considered, but that the court believed that "this crime is so egregious that the guidelines have to be superseded," and stated that Appellant was being sentenced for "punishment, protection of the public, rehabilitation." *Id*. at 25. In its opinion, the trial court explained that it had considered the presentence report and the arguments of counsel, as well as Appellant's mother's testimony, and that it took into consideration that the victim did not suffer any serious physical injury as a result of the robbery. Trial Court Opinion at 3-4. The trial court noted its particular concern with the aggravating factors in this matter, specifically the fact that Appellant robbed

an amputee, in a neighborhood where many students reside who can be found by themselves and easily preyed upon. *Id*. at 4. It was extremely troublesome to the trial court that Appellant tried to drag Appellant away even after he had stolen her belongings, which indicated that Appellant "was in fact prepared to follow through on his threats to "get really violent." *Id*. The trial court voiced its belief that Appellant is in need of drug treatment, and poses extreme danger to the public without the treatment and rehabilitative services he will receive while incarcerated. *Id*. Upon review, we cannot find that the trial court failed to satisfy the requirements set forth by the General Assembly in the Sentencing Code here, where it enunciated substantial reasons for the imposition of its sentence. We are prohibited from finding an abuse of discretion merely because we might have reached a different conclusion, *Grady*, 829 A.2d at 1046, and our review of the record reveals no "manifest unreasonableness." Accordingly, we vacate the judgment of sentence for terroristic threats, and we affirm Appellant's robbery sentence.

Judgment of sentence for terroristic threats vacated. Judgment of sentence for robbery affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022

- 9 -